Semnar & Hartman, LLP
Babak Semnar, Esq. (#224890)
bob@sandiegoconsumerattorneys.com
Jared M. Hartman (#254860)
jared@sandiegoconsumerattorneys.com
400 S. Melrose Drive, Suite 209
Vista, California 92081
Telephone: (951) 293-4187
Fax: (888) 819-8230

Attorneys for Plaintiff,
CAMILLE MCKINNEY

# U.S. DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMILLE MCKINNEY, an individual<br><br>Plaintiff,<br><br>v.<br><br>SECURE CAPITAL MANAGEMENT, INC.; ACE CASH EXPRESS, INC.; and DOES 1-10;<br><br>Defendant. | Case No.: **'16CV1215 BEN JLB**<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. **FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, et seq.;**<br>2. **STATE OF CALIFORNIA ROSENTHAL ACT, CALIF. CIV. CODE § 1788, et seq.;** |

Plaintiff, CAMILLE MCKINNEY, an Individual, by and through her attorneys of record, hereby complains and alleges as follows:

## INTRODUCTION

1. Plaintiff, by and through her attorneys of record, brings this action to secure redress from unlawful debt collection practices engaged in by Defendants SECURE CAPITAL MANAGEMENT, INC. (hereinafter "SECURE") and ACE CASH EXPRESS, INC. (hereinafter "ACE") in violation of the Federal Fair Debt Collection

1
**COMPLAINT FOR DAMAGES**

1  Practices Act, 15 U.S.C. § 1692-1692p (hereinafter "FDCPA") and the State of
2  California Rosenthal Act, California Civil Code § 1788-1788.32 (hereinafter
3  "Rosenthal" or "Rosenthal Act").

4      2.    Plaintiff makes the allegations below on information and belief, with the
5  exception of those allegations that pertain to Plaintiff personally, or to Plaintiff's
6  counsel, which Plaintiff alleges on personal knowledge.

7      3.    While many violations are described below with specificity, this
8  Complaint alleges violations of the statutes cited in their entirety.

## JURISDICTION AND VENUE

10     4.    This action arises out of Defendants' violations of the Federal FDCPA,
11 over which the U.S. District Court has original subject matter jurisdiction pursuant to 15
12 U.S.C. § 1681p.  The U.S. District Court has supplemental jurisdiction over all state law
13 causes of action pursuant to 28 U.S.C. § 1367(a).

14     5.    Because Defendants SECURE and ACE both regularly conduct business
15 within the State of California by purposefully contacting California residents for
16 purposes of debt collection, and because both maintain an agent for service of process
17 located within the State of California, personal jurisdiction is established.

18     6.    Venue in this District is proper pursuant for the following reasons: (i)
19 Plaintiff resides in the County of San Diego, State of California, which is within this
20 judicial district; (ii) the conduct complained of herein occurred within this judicial
21 district; and, (iii) Defendants have both conducted business within this judicial district
22 at all times relevant.

## PARTIES & DEFINITIONS

24     7.    Plaintiff is a natural person whose permanent residences is in the County
25 of San Diego, State of California, and is therefore a "person" as that term is defined by
26 California Civil Code § 1788.2(g) of the Rosenthal Act.

27     8.    Plaintiff, as a natural person allegedly obligated to pay a consumer debt to
28 Defendants, alleged to have been due and owing, is therefore both a "consumer" as that

term is defined by 15 U.S.C. § 1692a(3) of the FDCPA, and a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act.

9. As a partnership, corporation, limited liability company, or other similar entity, Defendants therefore are "persons" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

10. Defendant SECURE alleged that they were collecting upon an allegedly defaulted personal payday loan, which Plaintiff allegedly incurred by utilizing the line of credit issued to her for everyday purchases in her daily personal life.  Therefore, Plaintiff is informed and believes that the money alleged to have been owed to Defendants originated from monetary credit that was extended primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) of the FDCPA and California Civil Code § 1788.2(d) of the Rosenthal Act.

11. Therefore, the money that Defendants were attempting to collect was a "consumer credit transaction" within the meaning of California Civil Code § 1788.2(e) of the Rosenthal Act.

12. Because Plaintiff, a natural person allegedly obligated to pay money arising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

13. Plaintiff is informed and believes that Defendant SECURE utilizes the instrumentalities of interstate commerce and the mails in a business for which the principal purpose is the collection of any debts; regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or themselves; and is therefore a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) of the FDCPA and California Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act.

14. Plaintiff is informed and believes that Defendant ACE regularly collects or attempts to collect, debts on its own behalf; and is therefore a "debt collector" within the meaning of California Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act.

15. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned each of the Defendant was the agent, servant, employee, or partner of each of the remaining defendants and, in committing the acts and omissions hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, or other business relationship, and were each responsible for the acts and omissions alleged in this complaint.

## FACTUAL ALLEGATIONS

16. Sometime in 2015, Plaintiff fell behind in her schedule of monthly payments owed to ACE upon a line of personal credit issued to her by ACE as a "payday loan", whereby Plaintiff allegedly incurred this debt owed to ACE for her to use in her everyday life for normal every day purchases.

17. After falling behind in her payments, Defendant ACE retained the services of Defendant SECURE to collect the monthly payments upon its behalf.

18. Upon information and belief, the agreement between Defendant ACE and Defendant SECURE is one of agency, whereby SECURE is acting on behalf of, at the direction of, and in association with Defendant ACE in its efforts to collect on behalf of ACE.

19. On or about May 10, 2016, Plaintiff placed a telephone call to ACE to inquire about their relationship with SECURE, and the agent with whom Plaintiff spoke specifically informed her that the account is "in collections" and ACE cannot accept any payments from Plaintiff upon the account as all payments must go through their collections agency, and the agent also affirmed that any payment provided to the

1 collections agent will be paid to ACE and the balance will be reduced.

2     20.    Therefore, it is clear that ACE and SECURE have been engaged in an
3 agency relationship and that SECURE is, at all relevant times, acting on behalf of, at the
4 direction of, and in association with Defendant ACE in its efforts to collect on behalf of
5 ACE.

6     21.    Consequently, any actions taken by SECURE in its efforts to collect upon
7 the instant account are as if ACE had taken the actions on its own, and any violations by
8 SECURE as the agent flow through to ACE as the principal via vicarious liability.

9     22.    Sometime at the end of February 2016, Plaintiff had a telephone
10 conversation with an employee of SECURE to inquire as to the balance owed upon the
11 account.

12     23.    Immediately after the employee verified her name identification as the
13 alleged obligor upon the account, the employee launched into an unprovoked tirade of
14 cursing and name-calling directed towards Plaintiff, and called her such derogatory and
15 offensive things as "Fucking Bitch" and asking her if she knows that he "relies on
16 opiates" and she is making his job harder by not making payments and that she needs to
17 make payments.

18     24.    When Plaintiff called back and complained to a supervisor, the supervisor
19 attempted to apologize by explaining that the employee is under medical care.

20     25.    Sometime thereafter, in April 2016, Plaintiff had another telephone
21 conversation with what sounded like a different employee of SECURE, and this
22 employee accused Plaintiff of lying about the cursing incident and claims he listened to
23 the recorded calls from that phone conversation and the cursing incident never
24 happened.

25     26.    This employee in April 2016 further attempted to shame and degrade
26 Plaintiff by asking rhetorically, "Is this what you do with all of your other bills?"

27     27.    When this employee further pressed Plaintiff for her debit card information
28 to make a payment over the phone, Plaintiff protested about giving her debit card

5
**COMPLAINT FOR DAMAGES**

information to people she no longer trusts, and the employee refused to provide her with a mailing address for mail-payments and claimed that they only accept debit card payments.

28. As a result of the debt collectors cursing at her, yelling at her, shaming her, and degrading her, Plaintiff has suffered concrete harm by way of mental anguish such as fear, depression, loss of self-worth, feelings of despair and hopelessness, loss of sleep, and anxiety.

29. The concrete harm described above is directly attributable to Defendants, as the harm was caused as a result of SECURE's employees' statements to her, as taken on behalf of, at the direction of, and in association with ACE.

30. Plaintiff seeks redress for this harm, which is able to be obtained through the civil lawsuit process, by way of actual damages being awarded to her for suffering such harm.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF FDCPA, AS AGAINST**
**DEFENDANT SECURE ONLY**
**15 U.S.C. §§ 1692-1692p**

31. Plaintiff re-alleges and incorporates by reference the above paragraphs, as though set forth fully herein.

32. By cursing at Plaintiff, yelling at her, and shaming and degrading her by accusing her of lying and asking if this is what she does with all of her debts, and Defendant's employees did so with the intention of scaring Plaintiff into paying the outstanding debt, Defendant committed the following violations of the Federal FDCPA:

    a. Engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d, and

    b. Engaged in unfair or unconscionable means to collect or attempt to collect

any debt in violation of 15 U.S.C. § 1692f of the FDCPA.

33. As a result of these violations, Plaintiff has suffered concrete harm by way of mental anguish such as fear, depression, loss of self-worth, feelings of despair and hopelessness, loss of sleep, and anxiety.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF ROSENTHAL ACT AS AGAINST**
**ALL DEFENDANTS**
**CAL. CIV. CODE §§ 1788-1788.32**

34. Plaintiff re-alleges and incorporates by reference the above paragraphs, as though set forth fully herein.

35. By violating the FDCPA, as identified the First Cause of Action above, Defendant SECURE also necessarily violated the Rosenthal Act via Calif. Civil Code § 1788.17, as the Rosenthal Act has incorporated each of those provisions of the FDCPA.

36. Because ACE and SECURE are engaged in an agency relationship and that SECURE is, at all relevant times, acting on behalf of, at the direction of, and in association with Defendant ACE in its efforts to collect on behalf of ACE, then any actions taken by SECURE in its efforts to collect upon the instant account are as if ACE had taken the actions on its own, and any violations by SECURE as the agent flow through to ACE as the principal via vicarious liability.

37. As a result of these violations, Plaintiff has suffered concrete harm by way of mental anguish such as fear, depression, loss of self-worth, feelings of despair and hopelessness, loss of sleep, and anxiety.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

7
**COMPLAINT FOR DAMAGES**

- An award of actual damages of $55,000.00, or as the jury may award, pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An additional award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated into the Rosenthal Act via Calif. Civ. Code §1788.17, which is cumulative and in addition to all other remedies pursuant to California Civil Code § 1788.32;
- An award of actual damages of $55,000.00, or as the jury may award, pursuant to California Civil Code § 1788.30(a);
- An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.30(c).

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby demands, a trial by jury.

Dated: May 19, 2016                             Respectfully submitted,

                                                SEMNAR & HARTMAN, LLP

                                        By:     */s/ Jared M. Hartman*
                                                Jared M. Hartman, Esq.
                                                Attorneys for Plaintiff